IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

SUSAN CALANTONI,

    Plaintiff,

vs.                                            Civil Action Number:

UNUM LIFE INSURANCE
COMPANY OF AMERICA,

    Defendant.

## COMPLAINT

AND NOW, comes the Plaintiff, Susan Calantoni, by and through her undersigned counsel, Gregory G. Paul, and files the within Complaint, to obtain declaratory relief, and recover disability benefits under an ERISA employee benefit plan, and to recover costs, prejudgment interest and attorney's fees.

## JURISDICTION AND VENUE

1.    This is an action brought pursuant to section 502(a), (e)(1) and (f) of ERISA 29 U.S.C. §§1132(a), (e)(1) and (f). The Court has subject matter jurisdiction pursuant to 29 U.S.C. §1132(e)(1), 28 U.S.C. §1331 and 28 U.S.C. §1367(a). Under §502(f) of ERISA, 29 U.S.C. §1132(f), the Court has jurisdiction without respect to the amount in controversy or the citizenship of the parties.

2.    Venue is properly laid in this district pursuant to section 502(e)(2) of ERISA, 29 U.S.C. §1132(e)(2), in that the subject employee benefit plan is administered in this district, the breaches of duty herein alleged occurred in this district, and one or more of the defendants resides or is found in this district, and pursuant to 28 U.S.C. §1391(b), in that the causes of action arose in this district.

1

## PARTIES

3. Plaintiff, Susan Calantoni, is an adult individual who resides in Elkins Park, Pennsylvania 19027 (Montgomery County).

4. Defendant, Unum Life Insurance Company of America, is the underwriting company of the Plan responsible for the benefit determination and payment of long-term disability benefits and is located at 2211 Congress Street, Portland, ME 04122.

## SUMMARY OF ACTION

5. Ms. Calantoni began her employment with Salus University as an Assistant Professor of Audiology on January 29, 2007. She worked on a full-time basis until she began to experience symptoms related to migraines and irritable bowel syndrome on or about July of 2014.

6. Dr. Baranck completed an Attending Physician Statement to Unum that the date of the first visit regarding her current condition was August 21, 2014 and in the same form advised "the patient to stop working".

7. Ms. Calantoni continued to experience the above progressive symptoms on a daily basis from September into October of 2014 resulting in absences from work. According to Unum's claim file notes, Ms. Calantoni was asked about missing time from work before November 25, 2014 which she reported "she started missing work regularly in October 2014 where she was calling out about once a week".

8. On or about November 18, 2014, Ms. Calantoni was placed in intermittent FMLA and ceased all work on November 24, 2014 because she was unable to continue working in her own occupation due to multiple medical conditions including Irritable Bowel Syndrome (IBS) and migraine headaches.

9. Ms. Calantoni remains unable to work full-time in her regular occupation due to the above conditions and remains under the care of a physician who has gradually released her to return to work from one day a week in September of 2015 up through three days a week in December of 2015.

10. Under the long-term disability policy, the Employee is considered Disabled when Unum determines that: (1) you are limited from performing the material and substantial duties of your regular occupation due to your sickness or injury; and (2) you have a 20% or more loss in your indexed monthly earnings due to the same sickness or injury.

11. The long-term disability policy also contains an elimination period of ninety (90) days initiated by the determination of the Date of Disability. Unum determined plaintiff's date of disability to be November 18, 2014, despite her regular absences from work resulting in less than full-time capacity.

12. On or about October 27, 2015, Defendant denied Plaintiff's long-term disability benefits stating that "You do not meet the definition of disability beyond February 13, 2015".

13. The elimination period ended on February 15, 2015, just two (2) days after the period when Unum found Ms. Calantoni did meet the definition of disability from November 18, 2014 through February 13, 2015.

14. As a result of Defendant's denial of long-term disability benefits, Plaintiff has not received the monthly benefits and pension contributions to which she is entitled. Furthermore,

defendant's denial was infected by conflict of interest including but not limited to the claims processing and payment of claims by the same insurance company.

## COUNT ONE
### (CLAIM FOR BENEFITS UNDER THE PLAN- 29 USC 1132(a)(1)(B))

15. The averments set forth in the above paragraphs are incorporated by reference.

16. The Plan provides the Plaintiff is entitled to replacement disability income ("Disability Benefits") and pension contributions based upon her becoming disabled within the meaning of the Plan.

17. Plaintiff has established her disability within the meaning of the Plan and is entitled to Disability Benefits because she is limited from performing the material and substantial duties of her regular occupation due to her sickness or injury.

18. On or about October 27, 2015, Defendant denied Disability Benefits. Plaintiff is entitled to payment of the Disability Benefits under the Plan because her medical conditions prevent her from performing the material and substantial duties of her regular occupation.

19. Defendant's denial of long-term disability benefits constitutes denial of benefits governed by ERISA and adversely affects her eligibility for continuing long-term disability benefits and other benefits under the plan including life insurance.

## **PRAYER FOR RELIEF**

20. WHEREFORE, Plaintiff, Susan Calantoni, respectfully prays that the court: (1) declare that the Defendant is obligated to pay Plaintiff her past due Disability Benefits, pension contributions and all other employee benefits under the Plan; (2) award Plaintiff the costs of this action, interest, and reasonable attorneys' fees; and (3) award such other further and different relief as may be just and proper.

Respectfully submitted,

MORGAN AND PAUL, PLLC

_____
GREGORY G. PAUL
Pa. I. D. No. 83334
618 Beaver Street, Suite 202
Sewickley, PA 15143
(888) 967-5674
(888) 822-9421 fax
gregpaul@morgan-paul.com

Attorney for Plaintiff

Dated:  April 27, 2016.